UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ROGELIO DAVID CAMPOS** | **CIVIL ACTION NO. 3:17-CV-1059** |
| **VS.** | **SECTION P** |
| | **JUDGE ELIZABETH E. FOOTE** |
| **RONNIE WALKER, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Rogelio David Campos ("Campos"), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 21, 2017. He names the following as defendants: (1) Ronnie Walker; (2) Stephen Rogers; (3) Clint Williams; (4) Jesse Castaneda; (5) Public Defender Office City of Ruston; (6) James Buckley; (7) Gina Jones: (8) City of Ruston; and (9) Police Dept. City of Ruston. Plaintiff's complaint alleges improper actions on the part of the defendants in connection with his 2017 arrest and conviction on charges of DWI first offense and failure to signal. He seeks compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Background*

According to the presumptively reliable published jurisprudence of the State of Louisiana, Campos was arrested on November 17, 2015, by Officer Dylan Castaneda[1] for driving under the influence of alcohol. *See State (City of Ruston) v. Campos*, 51,447 (La.App. 2 Cir. 6/21/17), 224 So. 3d 480. Following a bench trial, he was found guilty of the traffic violation and DWI first offense

---

[1] Plaintiff names Officer Jesse Castaneda as a defendant in this matter. However, this Court will presume he intended to name Dylan Castaneda, the arresting officer.

and sentenced to 180 days, suspended, and the "standard fine" for DWI first offense, three months of supervised probation, and 10 days, concurrent with the DWI sentence, and the "standard fine" for failure to signal. The Louisiana Second Circuit Court of Appeal affirmed the convictions, but vacated the fine portions of his sentences and remanded this matter to the trial court for clarification of the fines and court costs during re-sentencing in order to comply with La. C. Cr. P. Article 493.1.

Campos maintains that the defendants conspired to deny him due process of law. He makes allegations of police malfeasance on the part of Stephen Rogers, Clint Williams, Dylan Castaneda and the Police Department of Ruston, including creating and entering tainted evidence at trial and using perjured police witness testimony to conceal it, altering and fabricating documents and unlawfully arresting plaintiff. [Rec. Doc. 1, pp. 10-11; Rec. Doc. 10, p. 3] Further, he claims ineffective assistance of counsel on the part of the Public Defender Office City of Ruston, Gina Jones and James Buckley. *Id.* He names City of Ruston as a defendant, as the City "provides training and supervision to the officers on the department and is responsible for their actions while on duty" [Rec. Doc. 1, p. 4] and Ruston mayor Ronnie Walker, as he "is aware and tolerates police malfeasance that is focused on generating funds for the City Enterprise." [Rec. Doc. 10, p. 4]

### *Law and Analysis*

#### *1. Screening*

Plaintiff has been permitted to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

2

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. State Actors

Plaintiff claims that the City of Ruston Public Defender's Office, Gina Jones and James

3

Buckley, his appointed attorneys, violated his civil rights by providing ineffective assistance of counsel.[2] Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Ellison v. DeLa Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (citing *Polk County, supra*). .

Accordingly, Plaintiff's civil rights claim against Public Defender Office City of Ruston, Gina Jones and James Buckley should be dismissed.

### 3. *Supervisory Official*

Plaintiff has named Mayor Ronnie Walker, in his supervisory capacity, as a defendant.

---

[2]Plaintiff also claims that "a trial by jury was systematically denied, in violation of U.S. Constitutional law..." [Rec. Doc. 1, p. 10] While he does not elaborate upon this argument, the Louisiana Second Circuit Court of Appeal addressed the issue, as plaintiff brought this claim on direct appeal in the context of an ineffective assistance of counsel claim. "In his final assignment of error, Campos argues that Mr. Buckley was deficient in the following respects: (1) he failed to "petition for jury trial."" Accordingly, this Court interprets plaintiff's argument to state that he was not denied a trial by jury by the trial court; rather, he asserts that his counsel failed to petition for a jury.

Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). Plaintiff's claims against Mayor Walker arise from the allegations that he "is aware and tolerates police malfeasance that is focused on generating funds for the City Enterprise." [Rec. Doc. 10, p. 3] Accordingly, as he failed to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by Mayor Walker, he should be dismissed.

### 4. City of Ruston

The principles of municipal liability under § 1983 are well known:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but instead only for acts that are directly attributable to it "through some official action or imprimatur." To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result."

*James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009) (internal citations omitted). Here, plaintiff has not alleged a federal constitutional violation that resulted from an official policy of the

City of Ruston. Accordingly, his complaint does not state a § 1983 claim against the City of Ruston.

### 5. *Heck v. Humphrey*

Plaintiff's civil rights claim calls into question the legality of his arrest and conviction and necessarily raises an issue under *Heck v. Humphrey*, 512 U.S. 477, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994). In *Heck*, the United States Supreme Court held that no action for relief under 42 U.S.C. § 1983 accrues until a plaintiff's conviction has been held to be invalid or otherwise called into question. The Court stated:

> . . . to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's [*4] issuance of a writ of habeas corpus.

*Heck*, 512 U.S. 477, 486-87, 129 L. Ed. 2d 383, 114 S. Ct. 2364 (1994).

Plaintiff's claims of police malfeasance, evidence-tampering, perjury and ineffective assistance of counsel clearly challenge the validity of his state court convictions and are barred under *Heck*. *See Shaw v. Harris*, 116 Fed. Appx. 499, 500 (5th Cir. Nov. 12, 2004) (holding that claims of evidence-tampering and concealment, perjury, ineffective assistance of counsel, and prosecutorial misconduct are barred by *Heck*).

Because *Heck* applies to plaintiff's claims, he must demonstrate that his allegedly improper conviction and incarceration have been reversed, invalidated, or expunged prior to bringing this action under § 1983. Because he has failed to make this showing, his claims under § 1983 for compensatory and punitive damages are not cognizable at this time. The claim is "legally frivolous"

within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to [] being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### 6. *Harassment/Retaliation*

Finally, plaintiff asserts that in retaliation for his "revealing and filing complaints on police malfeasance," the defendants harass him with continuous surveillance, "using citizen police volunteers and exploiting resources of otherwise legitimate programs some created by Homeland Securities, such as, the Suspicious Acts Reporting (SAR) and the local Fusion Centers." [Rec. Doc. 1, p. 12] Further, he complains that they have made defamatory remarks to hurt him. *"* To prevail on a claim of retaliation under §1983, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998); *see also Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006) ("Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercise of his constitutional rights."). A plaintiff "must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Plaintiff has failed to allege "more than his personal belief" that he is the victim of retaliation. As such, plaintiff's claim of retaliatory harassment should be dismissed.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Under the provisions of 28 U.S.C. Section 636(b)(1)(C)

and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, November 8, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE